UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NKWUO,<br><br>        Plaintiff,<br><br>    v.<br><br>GOLDEN GATE UNIVERSITY, DAN ANGEL, NABIL RAGAE, PAUL FOUTS, KERRY CURTIS, LEE ROBINS, ROBERT FURKERTH, DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.  5:14-cv-05192-HRL<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION**[1]<br><br>Re: Dkt. Nos. 49, 50 |

On February 23, 2016, this court granted defendants' motion for summary judgment and entered judgment accordingly. (Dkt. 47, 48). Plaintiff John Nkwuo has filed a motion for leave to seek reconsideration, along with a motion for reconsideration. Both motions essentially are the same. Neither one states whether Nkwuo seeks relief under Fed. R. Civ. P. 59(e) or 60(b). Even so, Nkwuo has not persuaded that he is entitled to relief under either rule.[2]

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the

---

[1] The matter is deemed suitable for determination without further briefing or oral argument. Civ. L.R. 7-1(b).

[2] Plaintiff has since filed a notice of appeal. However, because his motion for reconsideration timely was filed, his appeal has been held in abeyance until the motion for reconsideration is resolved by this court. Fed. R. App. P. 4(a)(4); Leader Nat'l Ins. Co. v. Industrial Indem. Ins. Co., 19 F.3d 444, 445 (9th Cir. 1994).

rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 944 (9th Cir. 2003) (citation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Id. (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

"Rule 60(b) of the Federal Rules of Civil Procedure provides a mechanism for parties to seek relief from a judgment when it is no longer equitable that the judgment should have prospective application, or when there is any reason justifying relief from judgment." Jeff D. v. Kempthorne, 365 F.3d 844, 851 (9th Cir. 2004). A movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b)(1)-(6).

The Rule 60(b)(6) "catch-all" provision applies only when the reason for granting relief is not covered by any of the other reasons set out in Rule 60. Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007). "'Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Id. (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)). Thus, a party who seeks such relief "'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" Id. (quoting Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir.2002)).

Mere dissatisfaction with the court's order or a belief that the court is wrong in its decision is not an adequate basis for relief under either Rule 59(e) or 60(b). Doe I v. Cisco Sys., Inc., No. 5:11-cv-02449-EJD, 2015 WL 5118004 at *2 (N.D. Cal., Aug. 31, 2005) (citing Twentieth

Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981); Yocom v. Grounds, No. C10-03609 SBA, 2012 WL 2277909 at *1 (N.D. Cal., June 18, 2012).

Nkwuo argues that this court failed to properly consider his arguments and evidence. He says that this court has forgotten arguments presented at the motion hearing, but has not specified what arguments he believes the court forgot. Now pointing to the Oxford dictionary meaning of "meeting," he expresses his disagreement with the portion of this court's order granting summary judgment as to his claim that defendants acted arbitrarily, capriciously, and in bad faith during his grievance proceedings. Nkwuo also claims that, contrary to the court's observation that he submitted no evidence in support of his opposition, he provided several pages of documents. He otherwise reiterates arguments disputing whether faculty met with him to discuss the shortcomings of his exam responses.

Nkwuo was given a full and fair opportunity to present papers and oral argument as to the issues raised on summary judgment. He has not presented newly discovered evidence that by due diligence could not have been discovered before the court's decision. Although he now claims to have submitted several pages of supporting documents, the court's records show that is not the case. (Dkt. 37; Dkt. 38 at ECF pp. 5-6). As to the documents he says he submitted, plaintiff has identified them only by what appear to be defendants' document production numbers. Two of those pages appear to coincide with documents defendants submitted in support of their summary judgment motion. As for the other documents, Nkwuo does not say what those documents are or explain why they would warrant reconsideration of this court's order. Plaintiff's summary judgment opposition indicated only that he intended to (but did not) submit copies of defendants' discovery responses. Even so, this court considered his arguments and credited his characterization of those discovery responses as true. (Dkt. 47 at ECF pp. 15-16). This court also considered Nkwuo's arguments as to post-exam meetings with his professors and the University grievance procedures. (Id. at ECF pp. 6-7, 19-22). Plaintiff disagrees with the court's conclusions as to those matters, but that does not provide a basis for reconsideration.

Nkwuo now suggests that this court precluded him from fully presenting papers and evidence on summary judgment, arguing that, in "an Order in September," this court "stopped the

further submission of documents." (Mot. at 4). Nkwuo apparently is referring to this court's order continuing the hearing on defendants' summary judgment motion. (Dkt. 40). That hearing was continued because plaintiff did not timely submit his opposition papers by the deadline set in this district's Civil Local Rules---i.e., the date by which plaintiff's opposition and all supporting documents should have been filed. This court nevertheless accepted plaintiff's opposition papers and noted that after defendants filed their reply, the Local Rules do not permit any party to file further papers unless otherwise ordered by the court. (Id. at 1). Even so, at the motion hearing the court asked plaintiff to identify any documents he wanted the court to review, in an effort to give him one final opportunity to present evidence he wished the court to consider. As discussed in the summary judgment order, he identified no evidence, other than what defendants had already submitted in support of their motion.

Nkwuo also argues that he did not receive notice of this court's February 23, 2016 summary judgment order and judgment until he arrived at the courthouse on March 1, 2016 for a previously set Final Pretrial Conference (which, by then, had been vacated). The summary judgment order and judgment were mailed to the P.O. Box plaintiff provided as his contact information. That mail has not been returned to the court as undeliverable. In any event, the docket reflects that the Clerk's Office gave him another copy of the order and judgment the following week on March 1. Even if that was Nkwuo's first notice of this court's rulings, he has not explained why that warrants reconsideration of them.

Finally, Nkwuo takes issue with this court's decision denying his request to strike all of defendants' declarations. On summary judgment, Nkwuo contended that those declarations could not be accepted because they were not sworn before a notary public. This court explained why formal affidavits are no longer required pursuant to Fed. R. Civ. P. 56 and 28 U.S.C. § 1746. (Dkt. 47 at 12). Nkwuo disagrees with that ruling, but has not provided a basis to reconsider it. He also argues that Nabil Rageh lied by "claim[ing] he was at a meeting that he never attended." (Mot. at 6). It is unclear what Nkwuo is referring to; but, if he means Rageh's statement that Rageh was present during plaintiff's oral exam, this court noted that plaintiff disputed that assertion, but concluded that the apparent fact dispute was not material to the resolution of the

1  motion. (Dkt. 47 at ECF p. 6 n.5). Nkwuo's disagreement with that ruling does not provide a
2  basis for reconsideration.
3        Based on the foregoing, Nkwuo's motion for leave to file a motion for reconsideration and
4  his motion for reconsideration are denied.
5        SO ORDERED.
6  Dated:   April 18, 2016

                                                     HOWARD R. LLOYD
                                                     United States Magistrate Judge

5:14-cv-05192-HRL Notice has been electronically mailed to:

Michael Joseph Vartain    mike@vartainlaw.com, charissa@vartainlaw.com, emelina@vartainlaw.com, stacey@vartainlaw.com, william@vartainlaw.com

William Charles Teeling    william@vartainlaw.com, charissa@vartainlaw.com, emelina@vartainlaw.com

5:14-cv-05192-HRL Notice sent by U.S. Mail to:

John Nkwuo
P.O. Box 53554
San Jose, CA 95153